DORMAND REALTY COMPANY, Landlord, Respondent, *v.* JOHN KEEPING, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, June 26, 1924.

Summary proceedings to dispossess — proceeding by landlord for non-payment of rent — tenant's statutory defense of unreasonable, unjust and oppressive rent stricken out on ground that tenant, having taken possession of premises subsequent to enactment of Rosenman amendment to Rent Laws, could not avail himself of defense — amendment (Laws of 1923, chap. 892) applies to all tenancies entered into after September 27, 1920.

The so-called Rosenman amendment (Laws of 1923, chap. 892) to the Rent Laws, which became a law June 1, 1923, applies to all tenancies entered into after September 27, 1920.

Accordingly, a final order in summary proceedings by the landlord for non-payment of rent should be reversed and a new trial ordered where the tenant contended that though he entered into possession of the premises on September 21, 1923, he comes within the protective provisions of the Rent Laws (as amd. by Laws of 1923, chap. 1892) and pleaded the usual statutory defense that the rent was unreasonable, unjust and oppressive.

APPEAL by tenant from a final order of the Municipal Court of the city of New York, borough of Manhattan, sixth district, in a summary proceeding for non-payment of rent.

*Leslie & Alden* (*Warren Leslie,* of counsel), for the appellant.

*Samuel Ecker,* for the respondent.

LEVY, J.   The tenant entered into possession on September 21, 1923, and agreed to pay a monthly rental commencing with October 1, 1923.   Rent for October was paid but the defendant refused to pay rent for the month commencing November 1, 1923, and thereupon summary proceedings were instituted.   The tenant pleaded the usual defense under the Rent Laws.   A motion was made by the landlord for an order to strike out the statutory defense that the rent was unreasonable, unjust and oppressive, which was granted on the ground that the tenant having taken possession of the premises on September 21, 1923, could not avail himself of the statutory defense.

Tenant contends that he comes within the protective provisions of the Rent Laws, particularly the so-called Rosenman Amendment (Laws of 1923, chap. 892).   This act went into effect June 1, 1923, and, therefore, a purely legal question is raised: Can a tenant who makes a lease and enters into possession subsequent to the enactment of the Rosenman Act interpose the defenses established by such law?

The trial court, evidently relying upon a recent Special Term case, held that the Rosenman Act was not intended and does not apply to tenants not in possession on the date of its enactment.   I am sorry that we are unable to concur with this view.

If we look beyond and consider the conditions which led to the enactment of the Rosenman Act, it becomes quite obvious that the legislature contemplated protecting all tenancies created after September 27, 1920, and did not purpose securing only those in possession at the time that the amendment went into effect.   A reading of the act will illustrate the point.   After setting forth the usual introductory provisions, it says: "And shall be deemed to include and to apply with full force and effect to all tenancies, agreements and leases entered into or executed subsequently to the 27th day of September, 1920."   Not to apply only to those in possession as of June 1, 1923, the date the act was to take effect, but to all tenancies created after September, 1920.   It could hardly have spoken in clearer language.   To hold otherwise is to ignore the import and intent of the amendment.   There is nothing to indicate that its protective clauses were not to be available after its enactment.   On the contrary, it will be observed upon a careful

analysis of the entire situation that the Rosenman Amendment was specifically passed to counteract the effect of the decision of the Appellate Division in the case of *Farnham Realty Corporation* v. *Posner*, 200 App. Div. 827.

A consideration of the now numerous " housing statutes " clearly evinces the state of mind of the legislature and demonstrates what result it sought to accomplish. The first housing statute became law on April 1, 1920. It provided in effect that no summary proceeding based upon the non-payment of rent should be maintained except in certain circumstances. At the extraordinary session of the legislature in September, 1920, additional legislation was enacted on the general subject and became law on September 27, 1920. Of the latter, chapter 942 of the Laws of 1920 affected all summary proceedings based on the claim of a holding over and inhibited the institution of such proceedings except in certain specified cases. The statute (Laws of 1920, chap. 942, § 1-a) expressly provided that it " shall not apply to a new building in course of construction at the time this subdivision takes effect or commenced thereafter." This section is significant. It seems that it would have been an easy matter for the legislature to manifest its intention to exclude *new tenancies* as it did *new buildings*, and the failure of the legislature so to enact proves quite conclusively its very positive intent to have all tenancies included within the provisions of the Rent Laws.

In 1921 the legislature amended the Rent Laws and again excluded new buildings but was silent as to new tenancies, thus showing once again its desire to also protect new tenancies. Still further legislation upon the subject was enacted in 1922 which has a very important bearing upon the point in issue. This statute provides: " The public emergency, which existed at the time of the enactment of the statutes below enumerated, having continued, in the judgment of the legislature, to the present time and still existing [specified chapters of the Laws of 1920 and 1921, dealing with the housing situation], shall, notwithstanding any provisions in any such chapters, sections or subdivisions, remain and be in full force and effect until the fifteenth day of February, 1924." Laws of 1922, chap. 663, § 1. This act in effect constituted the passage of a new statute declaring the emergency as still existing.

Just at this time there was a divergence of opinion in the two departments as to the interpretation of the Rent Laws, more particularly as to its applicability to new tenancies. The Appellate Division in the first department in the case of *Farnham Realty Corporation* v. *Posner, supra,* held that the Rent Laws did not apply to leases entered into after September 27, 1920, whereas the

Appellate Term in the second department in the case of *Marion* v. *Weiser*, 119 Misc. Rep. 412, held that all tenancies entered into after the date of the Rent Laws came within its protective provisions. During this confused state of affairs the legislature enacted the Rosenman Amendment in 1923 and it appears that this act was expressly passed to clarify the situation and to make the Rent Laws applicable to all tenancies created after September 27, 1920. It cannot be otherwise. The Rent Laws had already been extended to February, 1924. No further legislation was, therefore, necessary to protect those already in possession. It was to protect those out of possession that the Rosenman Act was passed. If it did not intend to effectuate this result, its passage was a mere nullity. The whole line of legislation and the entire current of the laws relating to the housing situation were to protect those who entered into agreements during what the legislature saw fit to term " the still existing emergency," and, in fact, as has already been observed, the emergency by legislative enactment was deemed to continue till February 15, 1924.

The last session of the legislature produced still more legislation in regard to the housing problem which includes the situation now before this court, but a consideration of these is unnecessary on this appeal in view of the fact that these proceedings were commenced before the new law went into effect. Without it, however, we are constrained to the conclusion that the Rosenman Act sufficiently covers the case before us.

The spirit of the Rent Laws, the motivating cause for its enactment and the dictates of sound reason all compel the result that the Rosenman Amendment refers and applies to all tenancies entered into after September 27, 1920, and that application does not cease with the date the act went into effect.

Final order reversed and a new trial ordered, with ten dollars costs to appellant to abide the event.

BIJUR and MULLAN, JJ., concur.

Order reversed and new trial ordered.